# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0084V
UNPUBLISHED

| | |
|---|---|
| ELAINE MERCANTE,<br><br>                        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                        Respondent. | Chief Special Master Corcoran<br><br>Filed: October 15, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA*, Sarasota, FL, for Petitioner.

*Ronalda Elnetta Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 16, 2019, Elaine Mercante filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to her on November 9, 2016. Petition at 1-2. Petitioner further alleges that her vaccine related injuries have lasted more than six months. Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 29, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On October 15, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $181,106.21, consisting of $122,500.00 in pain and suffering, $13,781.18 for past unreimbursable expenses, and $44,825.03 for past loss of earnings. Proffer at 1-2. In the Proffer,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $<u>181,106.21</u> (consisting of $122,500.00 in pain and suffering, $13,781.18 for past unreimbursable expenses, and $44,825.03 for past loss of earnings) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
|                                                    )
**ELAINE MERCANTE**               )
                                                     )
                                                     )
      **Petitioner,**               )
                                                     )    **No. 19-84V**
    **v.**                                       )    **Chief Special Master Corcoran**
                                                     )    **ECF**
**SECRETARY OF HEALTH AND**   )
**HUMAN SERVICES,**                )
                                                     )
      **Respondent.**              )
_____)

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 16, 2019, Elaine Mercante ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on November 9, 2016. *See* Petition. On May 29, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and on May 29, 2020, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 22; ECF No. 26.

**I.**    **Items of Compensation**

    A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $122,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $13,781.18.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C.   Lost Earnings

The parties agree that based upon the evidence of record, petitioner has suffered past loss of earnings.  Therefore, respondent proffers that petitioner should be awarded lost earnings in the amount of $44,825.03.  *See* 42 U.S.C. § 300aa-15(a)(3)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under *See* 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.   Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $181,106.21, in the form of a check payable to petitioner.

## III.   Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Elaine Mercante:  **$181,106.21**

Respectfully submitted,

JEFFERY BOSSERT CLARK
Acting Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        <u>s/ Ronalda E. Kosh</u>
        RONALDA E. KOSH
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel.:  (202) 616-4476
        Email:  ronalda.kosh@usdoj.gov

DATED:  October 15, 2020